IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARIVIC ALDAYA, on behalf of herself and all others similarly situated, | ) ) ) ) | CIVIL NO. 15-00284 SOM-RLP ORDER REGARDING AWARD OF REASONABLE EXPENSES TO PLAINTIFF |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| ENCORE CAPITAL GROUP, INC., MIDLAND FUNDING, LLC, and MIDLAND CREDIT MANAGEMENT, INC., | ) ) ) ) | |
| Defendants. | ) ) ) | |

<u>ORDER REGARDING AWARD OF REASONABLE EXPENSES TO PLAINTIFF</u>

On January 20, 2017, the Court issued its Order
Granting in Part and Denying in Part Plaintiff's Motion to Compel
Discovery Responses.  ECF No. 58.  In that Order, the Court
determined that Plaintiff was entitled to the reasonable expenses
incurred in bringing the motion.  <u>Id.</u> at 10-11.  The Court
directed Plaintiff's counsel to file a supplemental submission
regarding the reasonable expenses incurred related to the motion,
which is currently before the Court.  <u>See</u> <u>id.</u> at 11; ECF No. 64.
Plaintiff asks the Court to award a total of $11,620.20 in
attorneys' fees and costs.  <u>See</u> ECF No. 64.[1]  Defendants filed a
response to Plaintiff's submission on February 10, 2017.  ECF No.
68.

---

[1] Plaintiff's submission also states that she requests
$15,710.20 in attorneys' fees and costs; however, that number
appears to be a typographical error because the declarations of
counsel reflect $11,620.20 in fees and costs incurred.  <u>Compare</u>
ECF No. 64 at 3, <u>with</u> ECF No. 64-1, 64-2, 64-3.

DISCUSSION

Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424 (1983).  The court must determine a reasonable fee by multiplying "a reasonable hourly rate" by "the number of hours reasonably expended on the litigation."  Hensley, 461 U.S. at 433.

First, courts consider the experience, skill, and reputation of the attorney requesting the fees in determining the reasonableness of an hourly rate.  Webb v. Ada Cnty., 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  See id.  Based on the information provided regarding the skill and experience of Plaintiff's counsel and this Court's knowledge of the prevailing rates in the community, the Court finds that the requested hourly rates are excessive and awards the following rates for purposes of this discovery dispute:  $250 per hour for Ms. Varnell, who has been practicing law for 20 years; $275 per hour for Mr. Lietz, who has been practicing law for 25 years; and $200 for hour for Mr. Brackett, who has been practicing for 12 years.

Second, the Court must determine if the fees requested are reasonably necessary to achieve the results obtained.  See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  A court must guard against

2

awarding fees which are excessive, and must determine which fees were self-imposed and avoidable. See id. at 637 (citing INVST Fin. Grp. v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987)). Here, Plaintiff's counsel submitted descriptions of the attorneys' fees incurred related to the underlying motion, totaling 37.05 hours of work. ECF Nos. 64-1, 64-2, 64.3.

The Court has carefully reviewed the descriptions provided by Plaintiff's counsel and Defendants' Response and finds that the following deductions are appropriate. The Court deducts 2.7 hours of work performed by Mr. Brackett for duplicative time spent by co-counsel on the same telephone conference or email correspondence. Compare ECF No. 64-1 with ECF No. 64-3; see HRPT Props. Trust v. Lingle, 775 F. Supp. 2d 1225, 1240 (D. Haw. 2011) ("duplicative time spent by multiple attorneys is non-compensable"). The Court also deducts 0.3 hours of work performed by Mr. Brackett that appears clerical in nature. See ECF No. 64-3 at 6, 10 (billing 0.2 hours for mailing letter to opposing counsel; billing 0.1 hours for coordinating with opposing counsel for pick-up of discovery responses); Pelayo v. Platinum Limousine Servs., Inc., No. CV 15-00023 DKW-KJM, 2016 WL 5402185, at *7 (D. Haw. Sept. 27, 2016) (deducting fees for clerical tasks, which are part of an attorneys's overhead and are subsumed in the hourly rate). Additionally, the Court reduces the hours requested by Ms. Varnell by ten percent (a deduction of 1.7 hours) to account for her practice of quarter-hour billing.

3

See ECF No. 64-1; Hawaii Def. Found. v. City & Cty. of Honolulu, No. CIV. 12-00469 JMS, 2014 WL 2804448, at *5 (D. Haw. June 19, 2014) (explaining that the rationale for such reductions is billing in larger time increments likely results in requests for excessive hours).  The Court also reduces the hours requested by Mr. Lietz by ten percent (a deduction of 0.8 hours) to account for his practice of block billing.  See ECF No. 64-2; Welch v. Metro. Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007) (holding that courts may reduce hours that are billed in block format because such billing makes it difficult to ascertain how much time counsel spent on specific tasks).  Finally, in light of the relative simplicity of the discovery issues addressed in the underlying motion, the Court finds that the overall fees requested are excessive and reduces the hours requested by Plaintiff's counsel by an additional ten percent.

In total, the Court finds that the following attorneys' fees are reasonable:

| ATTORNEY | HOURS | RATE | TOTAL |
|----------|-------|------|-------|
| Janet R. Varnell, Esq. | 13.9[2] | $250.00 | $3,475.00 |
| David Lietz, Esq. | 6.6[3] | $275.00 | $1,815.00 |

---

[2] (17.1 hours requested - 1.7 hours for quarter-hour billing = 15.4 hours) - 1.5 hours for excessive billing = 13.9 hours.

[3] (8.1 hours requested - 0.8 hours for block billing = 7.3 hours) - 0.7 hours for excessive billing = 6.6 hours.

| Justin A. Brackett, Esq. | 8.05[4] | $200.00 | $1,610.00 |
|---|---|---|---|
| | | **TOTAL** | **$6,900.00** |

Additionally, the Court finds that the $6.45 in costs requested is also reasonable.  See ECF No. 64-3 at 6.  In total, the Court awards $6,906.45 in reasonable expenses incurred in making the underlying discovery motion.

<u>CONCLUSION</u>

Based on the foregoing, the Court ORDERS Defendants to pay $6,906.45 to Plaintiff no later than February 28, 2017.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, FEBRUARY 15, 2017.

Richard L. Puglisi
United States Magistrate Judge

**ALDAYA V. ENCORE CAPITAL GROUP, INC., ET AL., CIVIL NO. 15-00284 SOM-RLP; ORDER REGARDING AWARD OF REASONABLE EXPENSES TO PLAINTIFF**

---

[4] (11.95 hours requested – 2.7 hours for duplicative work – 0.3 hours for clerical work = 8.95 hours) – 0.9 hours for excessive billing = 8.05 hours.